IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRELL DIXON, #4157-21, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-1941-M-BN |
| THE STATE OF TEXAS, 443RD DISTRICT COURT, and CINDY ERMATINGER, 443RD DISTRICT COURT, | § § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE <u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Jerrell Dixon, an inmate at the Ellis County jail, facing prosecution in that county, filed a *pro se* civil rights complaint against the state court where the prosecution is pending, asserting that he has been denied the "constitutional right to an attainable bond" and requesting monetary damages and an investigation. Dkt. No. 3.

United States District Judge Barbara M. G. Lynn referred Dixon's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Through a separate order, the Court will grant Dixon's request for leave to proceed *in forma pauperis* (IFP) [Dkt. No. 4] under the Prison Litigation Reform Act (the PLRA). And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice.

## Legal Standards

Under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention

to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted).

These findings, conclusions, and recommendations (the FCR) provides notice, and the period for filing objections to the FCR affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Sections 1915A(b)(1) or 1915(e)(2)(B)(ii) or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer

more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark*

*Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

In sum, "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)).

But leave to amend is not required where an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend

his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

> The Eighth Amendment, which prohibits "excessive bail," recognizes both the obvious liberty interest of pretrial detainees (those accused, but not yet convicted) and the government's legitimate interest in ensuring the accused's appearance at trial. U.S. CONST. amend. VIII. It does so by ensuring that "the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant." *Stack v. Boyle*, 342 U.S. 1, 5 (1951). Accordingly, the amount of bail cannot be "excessive" – that is, "higher than ... reasonably calculated to" ensure the accused's appearance. *Id.* (citation omitted).

*Booth v. Galveston Cnty.*, No. 3:18-CV-00104, 2019 WL 3714455, at *2 (S.D. Tex. Aug. 7, 2019), *rec. adopted as modified*, 2019 WL 4305457 (S.D. Tex. Sept. 11, 2019); *see also Meechaicum v. Fountain*, 696 F.2d 790, 791 (10th Cir. 1983) ("The Eighth Amendment's prohibition against excessive bail is the foundation of a bail system which, by conditioning release on the offer of financial security, seeks to reconcile the defendant's interest in, and society's commitment to, pretrial liberty with the need to assure the defendant's presence at trial." (internal quotation marks and citation omitted)).

> [A] prohibition against excessive bail exists even though there is no absolute constitutional right to bail. In *Stack v. Boyle*, the [United States Supreme] Court held that "bail set at a figure higher than an amount reasonably calculated to ensure the defendant's presence at trial is 'excessive' under the Eighth Amendment." In applying this standard, [the Fifth Circuit has] found that requiring $750,000 bail from a defendant deemed to be a flight risk is not excessive even though the defendant is unable to pay the bail.

*Broussard v. Par. of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003) (quoting *Stack*, 342

U.S. at 5, then citing *United States v. McConnell*, 842 F.2d 105, 107-08 (5th Cir. 1988)).

Assuming that the prohibition against excessive bail applies to the states through the Fourteenth Amendment, *see Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Broussard*, 318 F.3d at 650 n.25,[1] Dixon fails to specify the amount of bail imposed or "facts concerning the circumstances that might have warranted [the] amount of bail," *Been v. Edwards*, No. CIV-15-1258-F, 2015 WL 9263911, at *4 (W.D. Okla. Dec. 3, 2015).

He has therefore failed to show "that he was subjected to an unreasonable or arbitrary bail, and he has not alleged a plausible claim" under Section 1983. *Id.* (dismissing a similarly deficient claim under Sections 1915A(b) and 1915(e)(2)(B)); *see also Jones v. Harris Cnty.*, Civ. A. No. H-19-0628, 2019 WL 2355732 (S.D. Tex. May 31, 2019) ("Plaintiff contends that these denials of felony pretrial bonds violated his constitutional rights under the Eighth Amendment. … Plaintiff's argument is misplaced. The Excessive Bail Clause of the Eighth Amendment provides that '[e]xcessive bail shall not be required.' U.S. CONST., amend. VIII. But the Eighth Amendment 'says nothing about whether bail shall be available at all.' *United States v. Salerno*, 481 U.S. 739, 752 (1987). Consequently, plaintiff's allegation that the state district judges denied him felony pretrial bonds does not, standing alone, establish

---

[1] *See also Estate of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456, 462 (5th Cir. 2015) ("The constitutional rights of a pretrial detainee are found in the procedural and substantive due process guarantees of the Fourteenth Amendment." (citing *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc))).

an actionable Eighth Amendment violation for purposes of section 1983. *See Carlson v. Landon*, 342 U.S. 524, 545-46 (1952) ('[The Excessive Bail Clause] has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail.')." (citation omitted)).

And, even had Dixon included the requisite factual detail to allege a plausible excessive bail claim, he has sued the state court that set his bail. His complaint is therefore subject to dismissal because judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

"A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). And "judicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). Nor does "[d]isagreeing with a judge's actions" "justify depriving that judge of his or her

immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

Dixon fails to allege facts to show that any act related to setting his bond was not a normal judicial function nor undertaken without jurisdiction. So, to the extent that Dixon has sued the named defendants in an individual capacity, his claims are barred by judicial immunity. *See, e.g.*, *Jewell v. Bartlett*, No. 3:19-cv-2667-N-BT, 2022 WL 1129910, at *4 (N.D. Tex. Mar. 14, 2022) ("Jewell does not allege that Judge Monk acted in the absence of jurisdiction. He simply complains that the bond was too high. The setting of bond is a quintessential judicial function deserving of judicial immunity, so absolute judicial immunity bars any claim against Judge Monk in his individual capacity." (citing *Walczyk v. Rio*, 496 F.3d 139, 165 (2d Cir. 2007))), *rec. accepted*, 2022 WL 1128957 (N.D. Tex. Apr. 15, 2022).

Any official capacity claims against the named defendants are similarly barred, by the Eleventh Amendment. *See id.* ("As for an official capacity claim, while absolute judicial immunity is not applicable, Eleventh Amendment immunity applies. Subject to an inapplicable exception, the Eleventh Amendment bars claims against states, state agencies, or entities that may be considered an 'alter ego' or 'arm' of the state. *See Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 326 (5th Cir. 2002). 'Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity.' *See, e.g.*, *Warnock v. Pecos County, Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).").

Because Dixon's complaint is subject to dismissal based on immunity, the

undersigned finds that leave to amend should not be granted. *See id.* (citing *Vaupel v. United States*, 491 F. App'x 869, 874 (10th Cir. 2012)).

But the time to file objections to the FCR (further explained below) allows Dixon an opportunity to explain how he would cure the deficiencies identified above and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. consistent with the applicable legal standards. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

**Recommendation**

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiff Jerrell Dixon satisfactorily shows that he can amend his complaint to allege a plausible excessive bail claim not subject to dismissal on

immunity grounds.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE